UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCHAFFER DAVIS,

       Plaintiff,

v.                                           Case No. 19-C-878

SCHNEIDER NATIONAL CARRIERS, INC.,

       Defendant.

---

## SCREENING ORDER

---

Plaintiff Schaffer Davis alleges that Defendant Schneider National Carriers Inc. discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, when it denied his job application for an over-the-road driving position. Plaintiff seeks leave to proceed without prepayment of the filing fee in this case. The Court has reviewed the affidavit submitted in support of the motion and concludes that plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, the motion for leave to proceed without prepayment of the filing fee is granted.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that

would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to belief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Here, Plaintiff asserts claims of employment discrimination under Title VII and the ADEA. Title VII prohibits an employer from discriminating against an employee on the basis of the employee's race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA prohibits an employer from discriminating against an individual on the basis of his age and protects employees who are at least 40 years of age. 29 U.S.C. § 623(a). Plaintiff has failed to state a discrimination claim under Title VII and the ADEA. To state a claim of employment

2

discrimination, a plaintiff must allege that (1) he is a member of a protected class, (2) he was qualified for the position in question, (3) he suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). In this case, Plaintiff alleges that Defendant discriminated against him based on his age, national origin, race, color, and sex. But Plaintiff does not allege his age, national origin, race, or sex, or provide any facts to support his allegation that Defendant's decision not to hire him was based on his age, national origin, race, or sex. Accordingly, Plaintiff has failed to state a discrimination claim under Title VII. *See Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016) (noting that a plaintiff in an employment discrimination case must show that "the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action").

Plaintiff also claims that Defendant retaliated against him. To sufficiently plead a retaliation claim, a plaintiff must allege that he "'engaged in statutorily protected activity' and suffered an adverse action 'as a result of that activity.'" *Alamo v. Bliss*, 864 F.3d 541, 555 (7th Cir. 2017) (footnote omitted). Plaintiff alleges that Defendant retaliated against him because it refused to rehire him after he was terminated from the company in 2011. Plaintiff does not, however, allege that he engaged in statutorily protected activity. Accordingly, he fails to state a retaliation claim against Defendant.

If Plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. For guidance on writing his amended complaint, Plaintiff should consult the forms and guides provided by the court available on the Eastern District of Wisconsin's website. In particular, Plaintiff should review the Guide and Complaint for Non-

Prisoner Filing Without a Lawyer and the Complaint for Employment Discrimination, which are available at https://www.wied.uscourts.gov/forms/all-forms/Pro%20Se. An amended complaint must be filed on or before **July 19, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **July 19, 2019**. Failure to file an amended complaint within this time period may result in the dismissal of this action.

Dated this   19th   day of June, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
